## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

_____
                             )

JEFFREY SYDNEY,             )     No.   5:13-CV-286 (FJS/TWD)
                             )

              Plaintiff,     )
                             )

     -against-          )     <u>COMPLAINT</u>
                             )

TIME WARNER CABLE, INC.,   )
                             )     Plaintiff Demands a Trial by Jury

             Defendant.     )
_____)

Plaintiff, Jeffrey Sydney, by and through his attorneys Levine & Blit, PLLC, complaining of Defendant Time Warner Cable, Inc., hereby alleges:

### NATURE OF THE ACTION

1. This action is brought to remedy unpaid overtime compensation in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA") and the New York Labor Law ("Labor Law"), unpaid commissions in violation of the Labor Law; retaliation for engaging in a protected activity in violation of the FLSA and the Labor Law, and breach of contract.

2. Plaintiff seeks declaratory and injunctive relief; an award of monetary damages for the economic losses caused by Defendant's unlawful conduct, including lost wages and commissions, back pay, and front pay; compensatory damages for emotional distress and mental anguish caused by Defendant's unlawful retaliatory conduct; an award of liquidated damages under both the FLSA and Labor Law; punitive damages; Plaintiff's reasonable attorneys' fees; prejudgment interest on the unpaid commissions and wages

pursuant to the Labor Law; costs of this action; and any such other and further relief this Court deems just and equitable.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to Plaintiff's claims occurred in the Northern District of New York.

## THE PARTIES

5. Jeffrey Sydney ("Mr. Sydney" or "Plaintiff") is a resident of Onondaga County in the State of New York.  Mr. Sydney began working for Time Warner Cable, Inc. ("Time Warner") in or about July 2004.

6. Time Warner is a foreign corporation organized in the State of Delaware with its headquarters located at 60 Columbus Circle, New York, New York 10023.  Time Warner provides cable, internet, and telephone services to customers in twenty-nine (29) states.

7. Time Warner maintains an office at 6005 Fair Lakes Road, East Syracuse, New York.

8. At all times relevant to this action, Time Warner was an "enterprise engaged in interstate commerce" within the meaning of the FLSA and, thus, an entity covered by the FLSA. Time Warner has: (1) employees engaged in commerce of in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of five hundred thousand dollars ($500,000.00).

9. At all times relevant to this action, Mr. Sydney was an "employee" of Time Warner within the meaning of applicable federal and state statutes and regulations.

10. At all times relevant to this action, Mr. Sydney was employed by Time Warner at its Syracuse, New York location.

11. At all times relevant to this action, Time Warner was an "employer" within the meaning of applicable federal and state statutes and regulations.

## FACTUAL ALLEGATIONS

12. Mr. Sydney was hired by Time Warner in or about July 2004.  On or about 2009, Mr. Sydney transferred to a new position with Time Warner as a Territory Sales Representative ("TSR").

13. Mr. Sydney's duties of employment as TSR were primarily the physical installation of cable, internet, and telephone equipment for customers of Time Warner. The customers that Mr. Sydney primarily dealt with were apartment complexes and multi-family units.

14. Prospective customers would contact Mr. Sydney to purchase Time Warner products. After being contacted by a prospective customer, Mr. Sydney would do all installations for the customer.

15. Mr. Sydney did not contact customers directly to offer Time Warner products or services. He made no "door to door" type sales.

16. Mr. Sydney worked closely with the leasing offices of complexes and multi-unit apartment complexes, who in turn provided Time Warner brochures to their tenants.

17. If a tenant wanted to purchase Time Warner products, they contacted Mr. Sydney.

18. Mr. Sydney earned a commission based on the number of units he installed.

19. Mr. Sydney also performed installations and serviced equipment for customers of Time Warner.  He also performed installations and services to customers whom he did not sell any services.

20. From approximately 2009 until his termination in September 2012, Mr. Sydney usually worked in excess of forty hours per week for Time Warner, including weekends.

21. At all times relevant hereto, Mr. Sydney, like other TSR's, had to install a certain number of units for Time Warner per pay period and if he did not, he received no commission whatsoever.

22. Mr. Sydney received a salary of $300 per week by Time Warner that was based on a 40 hour work week.

23. For approximately three or more years, Mr. Sydney did not receive overtime pay for any hours he worked in excess of 40 hours in a week.

24. Moreover, for approximately three or more years, Mr. Sydney was often forced to make installations that he was not compensated for, essentially working for free for Time Warner.

4

25.  For over three years, Mr. Sydney was forced to work without breaks.

26. Mr. Sydney spent several hours each day at Time Warner's office as well as in the field.

27. From March 2012 until September 2012, Mr. Sydney earned commissions from installations of Time Warner products for customers.

28. Time Warner never compensated Mr. Sydney in recognition of such commissions earned and in violation of his employment agreement with Time Warner.

29. During this time period, Mr. Sydney made several complaints to his direct superior, William Edwards ("Mr. Edwards"), regarding his unpaid commissions.  Mr. Edwards simply responded to each complaint that if Mr. Sydney did not like it, then he should quit.

30. In September 2012, Mr. Sydney's employment with Time Warner was summarily terminated as a result of his continued complaints regarding compensation owed to him by Time Warner.

31. Mr. Sydney has not received the commissions that he earned between March 2012 and September 2012;

32. Mr. Sydney has not received any compensation for his overtime hours worked on behalf of Time Warner.

**FIRST CAUSE OF ACTION AGAINST TIME WARNER**
**(Unpaid Overtime Wages in Violation of the FLSA)**

33. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 32, as if fully set forth herein.

34. Time Warner was the employer of Plaintiff within the meaning of the FLSA.  Plaintiff was a non-exempt employee under the FLSA.

35. Plaintiff performed valuable labor in excess of forty (40) hours per week at Time Warner's direction and on its behalf on a weekly basis for over three (3) years.  On numerous occasions during Plaintiff's employment with Time Warner, Plaintiff did not receive the proper overtime wages that he was entitled to under the FLSA.

36. Time Warner was aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

37. As a proximate result of Time Warner's unlawful conduct, Plaintiff has suffered economic damages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the FLSA.

**SECOND CAUSE OF ACTION AGAINST TIME WARNER**
**(Unpaid Overtime Wages in Violation of the Labor Law)**

38. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 37, as if fully set forth herein.

39. Time Warner was the employer of Plaintiff within the meaning of the Labor Law. Plaintiff was a non-exempt employee under the Labor Law.

40. Plaintiff performed valuable labor in excess of forty (40) hours per week at Time Warner's direction and on its behalf on a weekly basis for over three (3) years.  On numerous occasions during Plaintiff's employment with Time Warner, Plaintiff did not receive the proper overtime wages that he was entitled to under the Labor Law.

41. Time Warner was aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the Labor Law with respect to the compensation of Plaintiff.

42. As a proximate result of Time Warner's unlawful conduct, Plaintiff has suffered economic damages in an amount to be determined at trial and is entitled to recover the value of those unpaid overtime wages plus an equivalent amount of liquidated damages pursuant to the Labor Law.

**THIRD CAUSE OF ACTION AGAINST TIME WARNER**
**(Unpaid Commissions in Violation of the Labor Law)**

43. Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 42, as if fully set forth herein.

44. Plaintiff and Time Warner had a written agreement regarding sales commissions between the two parties.

45. From March 2012 until Plaintiff's termination, Plaintiff earned but did not receive the commissions owed to him under the parties' written agreement when they became due

7

pursuant to the parties' written agreement in violation of Labor Law §§ 191(1)(c) and 191-b.

46. Upon Plaintiff's termination, Time Warner did not provide Plaintiff with the commissions owed to him at his date of termination within five (5) business days of his termination, or at any time thereafter, in violation of Labor Law § 191-c.

47. As a proximate result of Time Warner's unlawful conduct, Plaintiff has suffered economic damages in an amount to be determined at trial and is entitled to recover the value of those unpaid commissions plus an equivalent amount of liquidated damages pursuant to the Labor Law.

## FOURTH CAUSE OF ACTION AGAINST TIME WARNER
### (Retaliation in Violation of the FLSA)

48. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 47, as if fully set forth herein.

49. Plaintiff engaged in a protected activity when he made complaints about not receiving his proper wages, as alleged above.

50. As a result, Plaintiff was retaliated against in his employment by Time Warner when Plaintiff was terminated for making such complaints.

51. As a proximate result of Time Warner's unlawful conduct, Plaintiff has suffered economic damages in an amount to be determined at trial and is entitled to recover compensatory damages for the emotional distress and mental anguish caused by Time Warner's unlawful actions taken against him.

52. Time Warner's conduct was outrageous, malicious, and in wanton disregard of Plaintiff's federally protected rights under the FLSA. Thus, Plaintiff is entitled to recover punitive damages from Time Warner.

## FIFTH CAUSE OF ACTION AGAINST TIME WARNER
### (Retaliation in Violation of the Labor Law)

53. Plaintiff hereby repeats and realleges each allegation contained in paragraphs numbered 1 through 52, as if fully set forth herein.

54. Plaintiff engaged in a protected activity when he made complaints about not receiving his proper commissions and wages, as alleged above.

55. As a result, Plaintiff was retaliated against in his employment by Time Warner when Plaintiff was terminated for making such complaints.

56. As a proximate result of Time Warner's unlawful conduct, Plaintiff has suffered economic damages in an amount to be determined at trial and is entitled to recover compensatory damages for the emotional distress and mental anguish caused by Time Warner's unlawful actions taken against him and liquidated damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment containing the following relief:

      a)      An order declaring Defendant has violated the FLSA and Labor Law including its anti-retaliatory provisions;

b)      An order enjoining Defendant from engaging in the unlawful activities alleged above;

c)      An order awarding monetary damages for Plaintiff's economic losses including lost wages, lost commissions, back pay, and front pay;

d)      An order awarding liquidated damages to Plaintiff under both the FLSA and Labor Law for unpaid overtime wages, unpaid commissions, and retaliation;

e)      An order awarding compensatory damages for Plaintiff's emotional distress and mental anguish;

f)      An award of punitive damages in an amount to be determined at trial;

g)      An award of prejudgment interest on the unpaid overtime wages and commissions owed to Plaintiff pursuant to the Labor Law;

h)      An award of Plaintiff's reasonable attorneys' fees;

i)      An award of the Plaintiff's costs of this action; and

j)      any such other and further relief this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: March 13, 2013
        Syracuse, New York                    LEVINE & BLIT, PLLC


                                              /s/
                                              _____
                                              Graeme Spicer, Esq.
                                              *Attorneys for Plaintiff*
                                              499 South Warren Street, Suite 500B
                                              Syracuse, NY 13202
                                              Tel. (315) 366-8055