**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**JEFFREY SYDNEY and STEPHEN**
**CAPOUSIS,** *on behalf of themselves and*
*others similarly situated,*

                            **Plaintiffs,**

                **v.**                                            **5:13-CV-286**
                                                           **(FJS/TWD)**

**TIME WARNER ENTERTAINMENT-**
**ADVANCE/NEWHOUSE PARTNERSHIP**

                            **Defendant.**

_____

**APPEARANCES**                            **OF COUNSEL**

**LEVINE & BLIT, PLLC**         **LEWIS G. SPICER, ESQ.**
499 South Warren Street, Suite 500B    **JUSTIN S. CLARK, ESQ.**
Syracuse, New York 13202          **MATTHEW J. BLIT, ESQ.**
        -and-
350 Fifth Avenue
Suite 3601
New York, New York 10118
Attorneys for Plaintiffs

**KABAT, CHAPMAN & OZMER LLP**    **J. SCOTT CARR, ESQ.**
171 17th Street, NW, Suite 1550       **MICHAEL D. KABAT, ESQ.**
Atlanta, Georgia 30363
Attorneys for Defendant

**MACKENZIE HUGHES LLP**          **WILLIAM B. HUNT, ESQ.**
Mackenzie Hughes Tower
440 South Warren Street – Suite 400
Syracuse, New York 13202
Attorneys for Defendant

**SCULLIN, Senior Judge**

- 1 -

**MEMORANDUM-DECISION AND ORDER**

**I.  INTRODUCTION**

On remand from the Second Circuit and pending before the Court is Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  *See generally* Dkt. No. 68.  With respect to this motion, the Court must determine whether Plaintiffs were exempt from receiving overtime pay based on the "retail or service establishment" exemption of the Fair Labor Standards Act ("FLSA").

**II. BACKGROUND**

Time Warner Entertainment-Advance/Newhouse Partnership ("Defendant") provided telecommunications services, including cable television, internet and phone services to the public.  *See* Dkt. No. 68-2, Def's Stmt. of Material Facts, at ¶ 1.  Jeffrey Sydney and Stephen Capousis ("Plaintiffs") worked for Defendant as Territory Sales Representatives ("TSRs").  *See id.* at ¶¶ 4, 6, 9, 10.  TSRs were assigned to apartment complexes and other multiple dwelling units where they had various responsibilities, which may have included (1) selling Defendant's services in their assigned territories; (2) taking work orders from potential customers calling in; (3) troubleshooting technical or mechanical issues for existing customers; and (4) maintaining a positive relationship with leasing agents and management of the apartment complexes to which they were assigned. [1]  *See id.* at ¶¶ 11-13; *see also* Dkt. No. 71, Pl's Response to Def's Stmt. of Material Facts, at ¶¶ 12-13.

---

[1] Notably, the Second Circuit held that there were genuine issues of material fact as to what Plaintiffs' job duties entailed.  *See* Dkt. No. 96, Second Cir. Mandate, at 8.  On appeal, the Second Circuit only addressed the outside salesperson exemption; and, thus, Plaintiffs' job duties were important.  However, in this Memorandum-Decision and Order, the Court is addressing the "retail and service establishment" exemption, to which Plaintiffs' job duties are not relevant. The Court references these facts for illustrative purposes only.

As TSRs, Plaintiffs were paid an annual salary of $15,600 on a bi-weekly basis and they received commissions based on their sales during each fiscal month.  *See* Dkt. No. 68-2 at ¶¶ 96-97.  Both Plaintiffs claimed that, on average, they worked more than 40 hours per week. *See id.* at    ¶¶ 61, 64.  Plaintiff Sydney asserted that he worked between 50 and 70 hours per week, while Plaintiff Capousis claimed that he worked between 55 and 70 hours per week.  *See id.* Defendant ultimately terminated both Plaintiffs because of conduct that violated Defendant's policies.  *See id.* at ¶¶ 136-145, 147-158.

Plaintiffs filed their complaint in the instant action on March 13, 2013, claiming, among other things, that Defendant failed to pay overtime wages in violation of the FLSA and New York Labor Law ("NYLL").  *See generally* Dkt. No. 1, Compl., at 33-42.  Defendant moved for summary judgment and asserted various defenses, including that Plaintiffs were exempt from overtime wages because they were outside salespersons; or, alternatively, Plaintiffs were exempt because Defendant was a "retail or service establishment."  *See* Dkt. No. 68.  On March 28, 2017, the Court granted Defendant's motion in its entirety.  *See* Dkt. No. 83, 2017 Order, at 20. Notably, the Court found that "[b]ased on [the] undisputed facts … Plaintiffs' primary duty was making sales"; and, "as a matter of law, the outside salesperson exemption applies to Plaintiffs." *See id.* at 9, 11.  Thus, the Court held that Defendant was not required to pay overtime wages. *See id.* at 11.

Plaintiffs appealed, but they only challenged the Court's grant of summary judgment with respect to their claims for unpaid overtime arising under the FLSA and NYLL.  *See* Dkt. No. 85, Notice of Appeal; *see also* Dkt. No. 96, Second Cir. Mandate, at 2.  On December 3, 2018, the Second Circuit issued a mandate vacating the Court's 2017 Order and holding that "the district court erred in holding on summary judgment that Plaintiffs' primary duties were

exempt sales, as opposed to non-exempt installations, and accordingly in its ultimate conclusion that the outside sales exemption applied." *See* Dkt. No. 96 at 4. The Second Circuit concluded that, construing the evidence in the light most favorable to Plaintiffs, a reasonable factfinder could find that their primary duties were installations; and, thus, there were genuine disputes of material facts regarding Plaintiffs' job duties. *See id.* at 7-8.

The Second Circuit also noted, "[i]n the district court, [Defendant] argued that [Plaintiffs] were also exempt as employees of retail or service establishments. *See* 29 U.S.C. § 207(i); 12 N.Y. Comp. Codes R. & Regs. § 142-2.2. The district court did not address this argument, and [Defendant] does not raise it as an alternate ground for affirmance on this appeal. We express no opinion as to the merits of this argument." *See id.* at 3, n.2. After the Second Circuit's mandate, Defendant requested that the Court consider whether Plaintiffs are exempt as employees of a retail or service establishment; the Court granted that request. *See* Dkt. No. 99, Def's Letter Request; *see also* Dkt. No. 100, Text Order.

Thus, pending before the Court is Defendant's motion for summary judgment, *see* Dkt. No. 68; and the Court must determine whether the "retail or service establishment" exemption (also called the "commissioned salesperson" or "7(i)" exemption) applies to Plaintiffs. If the Court finds that this exemption applies, then Defendant is not liable to pay for Plaintiffs' overtime hours worked. If, however, the Court finds that there is a question of fact as to whether the commissioned salesperson exemption applies, then a factfinder will need to resolve those disputed issues of fact as well as the disputed issues of fact related to whether Plaintiffs were "outside salespersons."

# III. DISCUSSION

## A.  Legal standard governing motions for summary judgment

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Under this Rule, the entry of summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  When deciding a summary judgment motion, a court must resolve any ambiguities and draw all reasonable inferences in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).

## B.  "Retail or service establishment" exemption

The FLSA imposes numerous minimum wage and maximum hour requirements on employers. *See* 29 U.S.C. §§ 206-207; *see also Charlot v. Ecolab, Inc.*, 136 F. Supp. 3d 433, 447 (E.D.N.Y. 2015).  "The overtime compensation requirement, however, does not apply with respect to all employees, *see* § 213, and exempts workers 'employed … in the capacity of outside salesman' or as a 'commissioned salesperson.'" *Charlot*, 136 F. Supp. 3d at 447 (quoting 29 U.S.C. §§ 213(a)(1), 207(i)); (citing *Christopher* [*v. SmithKline Beecham Corp.*], 132 S. Ct. [2156,] 2162 [(2012)]).

"Whether an employee falls within an exemption under the FLSA 'is a mixed question of law and fact.'" *Id.* at 448 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir. 2010)). "'The question of how the [employees] spent their working time … is a question of fact.  The question whether their particular activities excluded them from the overtime benefits of the FLSA is a question of law.'" *Id.* (quoting *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (quoting *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714, 106 S. Ct.

- 5 -

1527, 89 L. Ed. 2d 739 (1986))).  "An employer seeking to rely upon an exemption as a defense

to paying overtime bears the burden of proving that such exemption applies."  *Id.* (quoting

*Young v. Cooper Cameron Corp.*, 586 F.3d 201, 204 (2d Cir. 2009)) (other citations omitted).

The "retail or service establishment" exemption, as written in the FLSA, provides, in

relevant part, as follows:

> No employer shall be deemed to have violated subsection (a) by employing any
> employee of a retail or service establishment for a workweek in excess of the
> applicable workweek specified therein, if (1) the regular rate of pay of such
> employee is in excess of one and one-half the minimum hourly rate applicable to
> him under section 206 of this title, and (2) more than half his compensation for a
> representative period (not less than one month) represents commissions on goods
> and services. . . .

29 U.S.C. §207(i).

The parties do not dispute that Defendant paid Plaintiffs in excess of one and one-half

the minimum hourly rate or that more than half of Plaintiffs' compensation represented

commissions on goods and services.  *See generally* Dkt. Nos. 68-1, Def's Memorandum in

Support; 72, Pls' Memorandum in Opposition; 80, Def's Reply.  Instead, the issue is whether

Defendant is a "retail or service establishment."

"Courts have continued to apply the definition contained in the repealed '§ 213(a)(2)' of

the FLSA in determining whether an employer is a retail or service establishment."  *Johnson v.*

*Wave Comm GR LLC*, 4 F. Supp. 3d 423, 434 (N.D.N.Y. 2014) (citations omitted).  "Under the

repealed section, a retail or service establishment was defined as '"an establishment 75 per

centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale

and is recognized as retail sales or services in the particular industry."'"  *Id.* (quoting *English* [*v.*

*Ecolab, Inc.*, No. 06 Civ. 5672(PAC)], 2008 WL 878456, *2 [(S.D.N.Y. Mar. 31, 2008)]

(quoting 29 U.S.C. § 213(a)(2) (repealed by Pub. L. No. 101-157 (1989)))).

Instead of citing to facts to establish these elements, Defendant asks the Court to find that it is a retail or service establishment because all other courts considering this question with respect to cable services companies have made that finding. *See generally* Dkt. Nos. 68-1, 80, 99, 101. According to Defendant, Plaintiffs have failed to distinguish the overwhelming authority supporting this finding. *See* Dkt. No. 101, Def's Supplemental Brief in Support, at 2. Plaintiffs assert, however, that Defendant has not met its burden of proof at the summary judgment stage because it failed to assert any material facts that would tend to show that either (a) 75 percent of its annual volume of sales were not for resale or (b) that it is recognized as retail sales or services in its particular industry. *See* Dkt. No. 72 at 27.

Although Defendant cites to various cases finding that cable services companies fall within the 7(i) exemption, the only fact that Defendant cites to support that it is a retail or service establishment is in Ms. Kristine Lawrence's declaration. In that declaration, Ms. Lawrence, the Human Resources Manager for Defendant's TSRs, attested, "[Defendant] provides the public with telecommunications services, including cable television, internet and phone services. TSRs sell cable, phone and internet to the general public. They sell only to the ultimate end users, and do not sell these items for resale." *See* Dkt. No. 68-5, Lawrence Decl., at ¶ 4. Looking at this in the light most favorable to Plaintiffs, it shows that *Plaintiffs'* jobs entailed selling to end-users, but it does not give any facts about Defendant's overall sales. Without this data, there is a genuine dispute of material fact as to whether Defendant, as a business, made 75% of its sales to an end-user, i.e., its goods or services were not for resale.

Further, Defendant fails to provide any facts to meet its burden of showing that it is recognized as retail sales or services in its industry. *See generally* Dkt. Nos. 68-1, 80, 99, 101. The *Wave Comm* court noted, "[a]lthough the FLSA's language references recognition within

- 7 -

the applicable industry, the Supreme Court has held that the question of whether a defendant's business is recognized as retail is determined by the court, not by the defendant or the defendant's industry." *Wave Comm*, 4 F. Supp. 3d at 436 (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 204-05, 86 S. Ct. 737, 15 L. Ed. 2d 694 (1966); *English*, 2008 WL 878456, at *12). "To aid in this determination, courts have fashioned another two-prong test based on [Department of Labor] regulations: (1) the establishment must be part of an industry in which there is a 'retail concept'; and (2) the establishment's services must be recognized as retail in that particular industry."[2] *Id.* (citing *Kelly* [*v. A1 Technology*, No. 09 Civ. 962(LAK)(MHD)] 2010 WL 1541585, at *11 [(S.D.N.Y. Apr. 12, 2010)] (citing 29 C.F.R. §§ 779.316, .322)).  Defendant has not alleged any facts to support a finding that it has a "retail concept" or that it is recognized as retail within the industry.

In every case on which Defendant relies, the court performed an in-depth analysis of each of the above-referenced factors by looking at the specific facts that the parties cited for support. Although the cases that Defendant cites clearly state that the cable services defendants were retail or service establishments, the defendants in each of those cases met their burden of showing that the undisputed facts supported that finding of law.  *See generally Charlot*, 136 F. Supp. 3d at 457-72; *Wave Comm*, 4 F. Supp. 3d at 433-41; *Matrai v. DirecTV, LLC*, 168 F. Supp. 3d 1347, 1358-65 (D. Kan. 2016); *Owopetu v. Nationwide CATV Auditing Servs., Inc.*,

---

[2] "To determine whether a particular business has a retail concept, courts look to whether the business: (1) 'sells goods or services to the general public'; (2) 'serves the everyday needs of the community' by providing for the 'comfort and convenience of such public in the course of its daily living'; and (3) 'is at the end of the stream of commerce.'" *Charlot*, 136 F. Supp. 3d at 468 (quoting [*Wave Comm*], 4 F. Supp. 3d at 440 (citing 29 C.F.R. § 779.318(a))) (footnote omitted).

No. 5:10-CV-18, 2011 WL 4433159, *2-*7 (D. Vt. Sept. 21, 2011); *Jones v. Tucker Commc'ns, Inc.,* No. 5:11-CV-398 (MTT), 2013 WL 6072966, *4-*10 (M.D. Ga. Nov. 18, 2013).

The Court finds that Defendant has not met its burden to show that there are facts to support that it was a retail or service establishment for purposes of the section 7(i) exemption to prove that it applies.  At the very least, there are genuine issues of material facts as to whether 75 percent of Defendant's business was not for resale and whether it was considered as retail sales or services in its industry.  Accordingly, the Court denies Defendant's motion for summary judgment with respect to the retail or service establishment exemption. [3]

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for summary judgment with respect to the retail or service establishment exemption, *see* Dkt. No. 68, is **DENIED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Dancks for all further pretrial matters.

**IT IS SO ORDERED.**

Dated:  March 31, 2020
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[3] Pending before Magistrate Judge Dancks is Plaintiffs' motion to certify a class based on the argument that they are not outside salespersons.  *See* Dkt. No. 120.  The Court notes that this Memorandum-Decision and Order does not impact that motion.