**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**JEFFREY SYDNEY and STEPHEN CAPOUSIS,** *on behalf of themselves and others similarly situated,*

                             **Plaintiffs,**

                    v.                                  5:13-CV-286
                                                     (FJS/TWD)

**TIME WARNER ENTERTAINMENT-**
**ADVANCE/NEWHOUSE PARTNERSHIP,**

                             **Defendant.**

_____

**APPEARANCES**                                  **OF COUNSEL**

**LEVINE & BLIT, PLLC**               **LEWIS G. SPICER, ESQ.**
499 South Warren Street               **JUSTIN S. CLARK, ESQ.**
Suite 500B                                    **MATTHEW J. BLIT, ESQ.**
Syracuse, New York 13202
      -and-
350 Fifth Avenue
Suite 3601
New York, New York 10118
Attorneys for Plaintiffs

**KABAT, CHAPMAN & OZMER LLP**    **J. SCOTT CARR, ESQ.**
171 17th Street, NW                 **MICHAEL D. KABAT, ESQ.**
Suite 1550
Atlanta, Georgia 30363
Attorneys for Defendant

**MACKENZIE HUGHES LLP**          **WILLIAM B. HUNT, ESQ.**
Mackenzie Hughes Tower
440 South Warren Street
Suite 400
Syracuse, New York 13202
Attorneys for Defendant

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. BACKGROUND**

Plaintiffs are former Territory Sales Representatives ("TSRs") for Defendant Time Warner Entertainment-Advance/Newhouse Partnership, a company that provided telecommunications services, including cable television, internet, and phone services to the public. *See* Dkt. No. 39, Amend. Compl., at ¶¶ 7, 9. As TSRs, Plaintiffs were assigned to apartment complexes and other multiple dwelling units where they had various responsibilities, which may have included selling Defendant's services, installing those services, and connecting with leasing agents and management of the apartment complexes to which they were assigned.[1] *See id.* at ¶¶ 29-42. Plaintiffs allege that Defendant failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law. *See id.* at ¶¶ 49-82. After many years of litigation, the parties are proceeding to trial on the following issues: (1) whether Plaintiffs were exempt from overtime wages as outside salespersons pursuant to 29 U.S.C. § 213(a)(1); and (2) if Defendant constituted a retail or service establishment pursuant to 29 U.S.C. § 207(i). *See* Dkt. No. 124.

Pending before the Court is Plaintiffs' motion for class certification on these issues, which also includes their request to conditionally certify an FLSA collective action. *See* Dkt. No. 120. In their motion, Plaintiffs identify their putative class as comprising 54 individuals who worked as TSRs for Defendant in New York State – including in Syracuse, Albany, Binghamton, Rochester, Buffalo, and Middletown, and excluding those in New York City –

---

[1] Notably, the parties dispute what the TSRs' job duties entailed. After the Court initially granted Defendant's motion for summary judgment, Plaintiffs appealed, and the Second Circuit held that there were genuine issues of material fact with respect to this issue. *See* Dkt. No. 83; Dkt. No. 96, Second Cir. Mandate, at 8.

from March 13, 2007, to the present. *See id.* at 7. The Court referred Plaintiffs' motion to Magistrate Judge Dancks for a report-recommendation in April 2020. In her report and recommendation on the motion, Magistrate Judge Dancks recommended that the Court deny Plaintiffs' motion in its entirety. *See* Dkt. No. 128. Magistrate Judge Dancks ultimately concluded that Plaintiffs showed commonality with respect to the retail or service establishment exception but not the outside salesperson exception. *See id.* at 8-11. Without commonality as to the outside salesperson exception, she determined that multiple factual determinations would predominate over the litigation and that a class action was not the superior method to litigate Plaintiffs' claims. *See id.* at 13-15. Magistrate Judge Dancks also recommended that the Court deny Plaintiffs' request for conditional certification of a collective action. *See id.* at 16-19.

Plaintiffs objected to Magistrate Judge Dancks's report and recommendation on the following 16 grounds, arguing that she erroneously:

1. considered five TSRs' declarations that Defendant did not disclose during discovery;

2. held that Plaintiffs failed to meet their burden of showing that TSRs' "misclassification" as outside salespersons could be proven on a common basis;

3. concluded that the text of 29 C.F.R. § 541.502 belied Plaintiffs' argument that TSRs were not customarily and regularly engaged away from Defendant's place of business;

4. held that Plaintiffs failed to meet their burden of showing that the putative class satisfied Rule 23's commonality requirement;

5. held that Plaintiffs failed to meet their burden of showing that the putative class satisfied Rule 23's typicality requirement;

6. held that Plaintiffs failed to meet their burden of showing that the putative class satisfied Rule 23's predominance requirement because consideration of the outside salesperson exemption would require an examination of each TSR's job duties;

7. found that Plaintiffs only pointed to one excerpt from a deposition in support of their contention that TSRs were not customarily and regularly engaged away from Defendant's place of business;

8. failed to consider Defendant's Rule 30(b)(6) corporate deponent who did not know whether TSRs made most of their sales door-to-door or by telephone;

9. held that Plaintiffs failed to meet their burden of showing that the putative class satisfied Rule 23's predominance requirement because the outside salesperson inquiry would require an individualized inquiry dominating common questions;

10. held that Plaintiffs failed to meet their burden of showing that the putative class would be a superior method to litigate, as Rule 23 requires;

11. denied class certification to the putative class of TSRs;

12. used the "modest plus" standard of review when determining whether to conditionally certify Plaintiffs' collective action brought pursuant to 29 U.S.C. § 216(b);

13. applied the "modest plus" standard of review by relying on five declarations Defendant proffered, even though Plaintiffs did not have an opportunity to depose those declarants;

14. held that Plaintiffs failed to meet their burden of showing that other TSRs were similarly situated to them;

15. denied conditional certification to the putative collective of TSRs; and

16. declined to rule on the issue of tolling.

*See* Dkt. No. 129-1 at 7-8.

The Court has divided these objections into three primary categories and five sub-categories, which include three Rule 23 class certification issues, one FLSA collective action issue, and one equitable tolling issue. The Court must now consider each of these objections and determine whether to adopt Magistrate Judge Dancks's report and recommendation and deny Plaintiffs' motion.

## II. DISCUSSION

### A. Standard of review

Magistrate judges may not determine whether to permit maintenance of a class action, *see* 28 U.S.C. § 636(b)(1)(A); however, district judges may refer such motions for class certification to magistrate judges for a report and recommendation, *see* 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 72 of the Federal Rules of Civil Procedure, a district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Gregory v. Stewart's Shops Corp.*, No. 7:14-cv-00033 (TJM/ATB), 2016 U.S. Dist. LEXIS 133136, *5 (N.D.N.Y. Sept. 28, 2016) (McAvoy, S.J.) (citations omitted). "After reviewing the report and recommendation, the Court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.'" *Id.* (quoting 28 U.S.C. § 636(b)).

### B. Whether the Court should adopt Magistrate Judge Dancks's report and recommendation

Plaintiffs object to Magistrate Judge Dancks's report and recommendation on 16 grounds; however, with respect to Plaintiffs' motion for class certification, they have three general complaints. *See* Dkt. No. 129-1 at 7-8. First, Plaintiffs argue that Magistrate Judge Dancks erred in considering declarations from fact witnesses that Defendant did not disclose during discovery. *See id.* at 12-13. Second, Plaintiffs contend that Magistrate Judge Dancks erred in concluding that they had failed to show commonality and typicality pursuant to Rule

23(a) with respect to the outside salesperson exemption. *See id.* at 13-17. Third, Plaintiffs assert that Magistrate Judge Dancks erred in holding that they had not demonstrated predominance or the superiority of the class pursuant to Rule 23(b)(3). *See id.* at 17-20. The Court addresses each of these issues in turn.

### *1. Admissibility of the five TSRs' declarations*

Defendant attached five non-party TSRs' declarations to its memorandum in opposition to Plaintiffs' motion for class certification. Plaintiffs objected to the Court's considering them, claiming that they would be unfairly prejudiced and that they should have an opportunity to depose the declarants. Magistrate Judge Dancks disagreed, noting that "Plaintiffs fail to cite any support for their arguments and the evidence Defendants submit is axiomatically relevant to the issues the Court must consider." *See* Dkt. No. 128 at 3 n.1. Plaintiffs now object to Magistrate Judge Dancks's reliance on the five declarations.

The declarants are not parties in this action; they are merely putative class members whose statements concern their job duties as TSRs. At this point, Defendant has not offered the declarants as witnesses at trial nor has Defendant used those statements to dispute its liability. Defendant merely offers the declarations to support its position that Plaintiffs have not sustained their burden, by a preponderance of the evidence, of proving that Rule 23's prerequisites are satisfied. *See Gregory v. Stewart's Shops Corp.*, No. 7:14-CV-33 (TJM/ATB), 2016 U.S. Dist. LEXIS 89576, *33 (N.D.N.Y. July 8, 2016) (Baxter, M.J.), *adopted by* 2016 U.S. Dist. LEXIS 133136. Thus, the Court adopts Magistrate Judge Dancks's finding that the declarations are "axiomatically relevant to the issues the Court must consider" and that it is appropriate for the Court to consider them in determining Plaintiffs' motion. *See* Dkt. No. 128 at n.1.

### *2. Commonality and typicality pursuant to 23(a)*

A "district court may certify a class only after determining that each Rule 23 requirement is met." *Lisnitzer v. Zucker*, 983 F.3d 578, 588 (2d Cir. 2020) (citing *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 251 (2d Cir. 2011) (citing *In re IPO Servs. Litig.*, 471 F.3d 24, 41-42 (2d Cir. 2006))); *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). "Rule 23(a) requires that '(1) the class is so numerous that joinder of all members is impractical; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.'" *Doxey v. Cmty. Bank, N.A.*, No. 8:19-CV-919 (MAD/CFH), 2021 U.S. Dist. LEXIS 169735, *9 (N.D.N.Y. Sept. 8, 2021) (D'Agostino, J.) (quoting Fed. R. Civ. P. 23(a)). As relevant here, "[c]ommonality asks whether the class members 'have suffered the same injury' which can be proven by a 'common contention' that is 'of such a nature that it is capable of classwide resolution.'" *Carollo, v. United Capital Corp.*, 528 F. Supp. 3d 37, 53-54 (N.D.N.Y. 2021) (Hurd, J.) (quoting *Dukes*, 564 U.S. at 350, 353). "In short, commonality is met where the determination of a single issue will resolve that issue as to 'the validity of each one of the claims in one stroke.'" *Id.* at 54 (quoting *Dukes*, 564 U.S. at 350). With respect to typicality, "'Rule 23(a)(3) is satisfied when each class member's claim arises from the same course of events, and each class member makes similar arguments to prove the defendant's liability.'" *A.T. v. Harder*, 298 F. Supp. 3d 391, 408-09 (N.D.N.Y. 2018) (Hurd, J.) (quoting *Stinson*, 282 F.R.D. at 370-371 (quotation omitted)). "When the same unlawful conduct was directed at or affected both the named plaintiffs and the prospective class, typicality is usually met." *Id.* at 409 (quotation omitted). "The commonality and typicality requirements of Rule 23(a) tend to merge such that similar considerations inform the analysis for both prerequisites." *Sykes v. Mel Harris &*

*Assocs. LLC*, 285 F.R.D. 279, 287 (S.D.N.Y. 2012) (citing *Wal-Mart*, 131 S. Ct. at 2551 n.5; *Marisol A.*, 126 F.3d at 376).

As relevant here, for the outside salesperson exemption to apply, an employee "must be customarily and regularly engaged 'away from the employer's place or places of business.'" 29 C.F.R. § 541.502. If the employee uses "telephonic solicitation" at a "fixed site," such as a home or office, then the exemption does not apply. *See id.* The exemption also does not apply if the sales are conducted by telephone "unless such contact is used merely as an adjunct to personal calls." *See id.* Magistrate Judge Dancks determined that Plaintiffs failed to show commonality with respect to the outside salesperson exception because they did not establish whether all putative class members were "customarily and regularly engaged away from [Defendant's] place or places of business in performing [their] primary dut[ies]" as they did not proffer evidence regarding where, when, and how Plaintiffs made sales. *See* Dkt. No. 128 at 9-11. Plaintiffs object to Magistrate Judge Dancks's finding. *See* Dkt. No. 129-1 at 15.

To support their position that TSRs were not outside salespersons, Plaintiffs point to Mr. Edwards's deposition, in which he testified that 90% of TSRs' sales came from someone calling them. *See* Dkt. No. 129-2 at 88. However, this testimony does not explain whether TSRs were in a physical office building, in a home office, or took calls from the various apartment buildings in which they worked. It also does not explain whether they received the calls on a landline or a mobile phone that moved around with them. Although Mr. Edwards testified that customers called the TSRs, he did not clarify whether they called a TSR with whom they already connected or contacted – such as at an apartment complex – or, for example, if customers were passed along to a TSR after calling an intake number. Notably, Mr. Edwards indicated that 90% of TSRs' sales came from phone calls, but he did not explain what

percentage of TSRs' job duties were comprised of sales. *See id.* at 88-89. Mr. Edwards explained that TSRs would also have to do installation, and he testified that they would have to do "more labor . . . as far as the installation was concerned" than other employees. *See id.* at 89. Mr. Edwards also failed to explain whether all TSRs had the same job duties, worked in the same locations, or interacted with customers in the same way. Plaintiffs additionally pointed to an excerpt from Daymion Miguel Montanez's deposition as Defendant's Rule 30(b)(6) witness, in which he stated that he did not know if TSRs obtained most of their sales door to door or by telephone calls. *See* Dkt. No. 123-4 at 1-3.

From the evidence that Plaintiffs presented, the Court finds that it is far from clear where the TSRs worked, what their job duties entailed, how their relationships with customers were established, and if those responsibilities were consistent among all TSRs. Without this information, the Court concludes, as Magistrate Judge Dancks did, that Plaintiffs have not established commonality as to the outside sales exemption by a preponderance of the evidence. For the same reasons, the Court adopts Magistrate Judge Dancks's recommendation that Plaintiffs have not established typicality with respect to this issue.

### 3. *Predominance and superiority pursuant to 23(b)*

If a court finds that the plaintiffs satisfy Rule 23(a), then it must determine whether those plaintiffs have met the requirements set forth in Rule 23(b). *See Zhang v. Ichiban Grp.*, No. 1:17-CV-148 (MAD/TWD), 2021 U.S. Dist. LEXIS 136308, *17-*18 (N.D.N.Y. May 21, 2021) (D'Agostino, J.). As is relevant here, a district court may certify a class under Rule 23(b)(3) only if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.

R. Civ. P. 23(b)(3). "The predominance requirement is satisfied 'if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.'" *Sykes*, 285 F.R.D. at 288 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (quoting *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002))) (footnote omitted). Factors relevant to the superiority of a class action include the following:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3)(A)-(D); *see Zhang*, 2021 U.S. Dist. LEXIS 136308, at *21.

In her Rule 23(b)(3) analysis, Magistrate Judge Dancks concluded that, if the class went forward, "individual inquiries would dominate the lone common question" as to whether Defendant was a retail or service establishment for purposes of the exemption. *See* Dkt. No. 128 at 13-14. In fact, she speculated that "the Court would find itself conducting more than 50 mini-trials regarding each TSR's activities and where they made their sales" *See id.* Magistrate Judge Dancks thus determined that "a class action [was] not a superior method to litigate these claims." *See id.*

Plaintiffs object to Magistrate Judge Dancks's finding that individual inquiries would predominate over the common issue of whether Defendant was a retail or service establishment and that a class is not the superior method of litigating these claims. With respect to

predominance, Plaintiffs argue that the outside salesperson exemption inquiry will not require the Court to examine the duties of each TSR because Mr. Edwards's testimony confirmed that 90% of TSRs' jobs entailed customers calling TSRs, and TSRs selling those customers a service. *See* Dkt. No. 129-1 at 18. Plaintiffs also rely on this reasoning to conclude that a class action is the superior method to litigate these claims. *See id.* at 19.

However, as addressed above, Mr. Edwards did not testify that 90% of TSRs' job duties were selling to customers who called them. Instead, Mr. Edwards stated that 90% of TSRs' sales originated from incoming calls. Mr. Edwards did not specifically opine as to Plaintiffs' other job duties, such as how much time TSRs spent installing the services or how much outreach they engaged in with others so that they would call and purchase services. Additionally, as discussed above, Mr. Edwards did not proffer any evidence that all TSRs had the same responsibilities, worked in the same locations, on the same schedule, using the same devices. Plaintiffs would need to answer these questions with respect to each and every class member for a factfinder to determine whether they were exempted outside salespersons and, thus, whether Defendant misclassified them. The Court agrees with Magistrate Judge Dancks that such inquiries would lead to dozens of mini-trials as to each TSR's activities and where they made their sales, which would make managing a class action difficult and, practically, useless. As such, the Court adopts Magistrate Judge Dancks's recommendation finding that the individual issues with respect to the outside salesperson exemption would predominate over any remaining common issues and would not make a class action a superior mode of litigation. The Court therefore denies Plaintiffs' motion for class certification.

## C. Plaintiffs' request for conditional certification of a collective action

The FLSA provides that an action to recoup unpaid overtime wages

> may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b); *see Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020).

"Procedurally, [the Second Circuit has] endorsed a two-step process for certifying FLSA collective actions based on the 'similarly situated' requirement:

> 'At step one, the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law. At step two, with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs.'"

*Scott,* 954 F.3d at 515 (quoting *Glatt*, 811 F.3d at 540 (citing *Myers*, 624 F.3d at 555)).

Plaintiffs have moved for initial certification under FLSA, "and thus the Court should properly consider [P]laintiffs' motion under the relatively lax step one inquiry." *Carollo*, 528 F. Supp. 3d at 61. "[C]ourts in this Circuit still employ step one even if some discovery has been completed." *Id.* (citing, *e.g.*, *Jibowu v. Target Corp.*, 492 F. Supp. 3d 87, 2020 U.S. Dist. LEXIS 181191, 2020 WL 5820957, at *20 (E.D.N.Y. Sept. 30, 2020) (collecting cases)). "But some courts have applied heightened expectations for a plaintiff's evidentiary showing if the completed discovery is substantial." *Id.* (citation omitted). "This 'modest-plus' standard, as courts have taken to calling it, will consider opposing materials in addition to the movants' pleadings and documents." *Id.* (citing *Gaston v. Valley Nat'l Bancorp*, 2018 U.S. Dist. LEXIS

148388, 2018 WL 4158407, at *2 (E.D.N.Y. Aug. 30, 2018)).  The modest-plus standard is considered a "'sliding scale,' with progressively more scrutiny applied as more evidence enters the record."  *Gaston v. Valley Nat'l Bancorp*, No. 17-CV-1886 (FB) (SMG), 2018 U.S. Dist. LEXIS 148388, *5 (E.D.N.Y. Aug. 30, 2018).  "However, even under the modest-plus rubric, courts do not weigh the merits of the underlying claims."  *Carollo*, 528 F. Supp. 3d at 61 (citing *Julian v. MetLife, Inc.*, 298 F. Supp. 3d 699, 703 (S.D.N.Y. 2018)).

In other words, the difference between the original and "modest-plus" standards is whether the court considers only the pleadings and attached documents, or those documents *plus* the defendant's opposing materials.  A court answers this question by looking at the amount of discovery that the parties have completed at the time of the plaintiffs' motion to conditionally certify the collective action.  If the court applies the modest-plus standard, it does so "with an understanding 'that the body of evidence is necessarily incomplete.'"  *Spack v. World Ent. Corp.*, No. 1:17-CV-1335 (TJM/CFH), 2019 U.S. Dist. LEXIS 6932, *7 (N.D.N.Y. Jan. 15, 2019) (Hummel, M.J.) (quoting *Korenblum [v. Citigroup, Inc.]*, 195 F. Supp. 3d [475,] 482 [(S.D.N.Y. 2016)] (quoting *Creely v. HCR ManorCare, Inc.*, 795 F. Supp. 2d 819, 826 (N.D. Ohio 2011))).  Furthermore, if the court applies the modest-plus standard, it implements a higher level of scrutiny as to whether the plaintiffs can satisfy Step One based on the amount of evidence available, *e.g.,* if some discovery has been completed but much more still needs to be conducted, then the court applies a lower amount of scrutiny while still considering the defendant's opposing evidence.

In her report and recommendation, Magistrate Judge Dancks noted that the parties disputed the appropriate standard to consider Plaintiffs' motion.  *See* Dkt. No. 128 at 16.  Defendant sought to apply the modest-plus standard, which Magistrate Judge Dancks ultimately

agreed was appropriate, "so the Court may consider the declarations Defendant submitted in response to Plaintiffs' motion for conditional certification." *See id.* at 16-17.  In applying the modest-plus standard, Magistrate Judge Dancks concluded that Plaintiffs failed to meet their burden to show that other TSRs were similarly situated to them.  *See id.*  Accordingly, Magistrate Judge Dancks recommended denying Plaintiffs' motion to conditionally certify the collective action.  *See id.* at 19.

In their objections and responses, the parties continue to dispute whether the Court should apply the lenient Step One inquiry, only asking whether Plaintiffs have made a modest showing, or whether the Court should apply the heightened Step One inquiry, asking whether Plaintiffs have made a modest-plus showing that they and others were victims of a common policy or plan that violated the FLSA.  Plaintiffs further contend in their objections that, if the Court finds that the modest-plus step is appropriate, then the Court should find that Magistrate Judge Dancks misapplied the standard.  *See* Dkt. No. 129-1 at 22-23.

Notably, "[u]nlike class certification motions brought under Rule 23, motions for conditional certification of FLSA collective actions qualify as 'pretrial matter[s]' subject to clear error review."  *Haas v. Verizon N.Y., Inc.*, No. 13-CV-8130 (RA), 2015 U.S. Dist. LEXIS 134139, *5 (S.D.N.Y. Sept. 30, 2015) (citations omitted); *accord Spack*, 2019 U.S. Dist. LEXIS 6932, at *1 n.1.  Accordingly, the Court must determine whether Magistrate Judge Dancks clearly erred in using the modest-plus standard and in finding that Plaintiffs had not met their burden at Step One of showing that other TSRs were similarly situated to them.  *See* Dkt. No. 128 at 17.

Initially, the Court finds that it was not clear error for Magistrate Judge Dancks to apply the modest-plus standard because the parties agree that discovery is complete, [2] and courts in this Circuit have routinely held that the modest-plus standard is appropriate when the parties have conducted at least some discovery. *See Qian Wang v. Kirin Transp. Inc.*, No. 20-CV-5410 (KAM) (TAM), 2022 U.S. Dist. LEXIS 3599, *6-*8 (E.D.N.Y. Jan. 7, 2022); *Carollo*, 528 F. Supp. 3d at 37; *Jibowu v. Target Corp.*, 492 F. Supp. 3d 87, 119 (E.D.N.Y. 2020); *Gaston*, 2018 U.S. Dist. LEXIS 148388, at *5; *Korenblum*, 195 F. Supp. 3d at 482. In applying the modest-plus standard at Step One, Magistrate Judge Dancks pointed to all of the evidence that Plaintiffs submitted in support of their motion, including the following: (1) Defendant's "Form 10-K" filing that notes Defendant's competition is other telephone companies; (2) a transcript answer confirming that TSRs did not receive overtime; (3) Mr. Edwards's transcript answer noting that TSRs received 90% of their sales from phone calls and would often perform their own installations; and (4) copies of Defendant's policy regarding the TSRs' commission plan. *See* Dkt. No. 128 at 17-18. Magistrate Judge Dancks concluded that, although some of that evidence tended to help determine whether Defendant was a retail or service establishment, "it d[id] very little to address whether all putative class members' primary duty was sales, how they conducted their daily work, and how much more time they worked each week." *Id.* at 18.

Because Magistrate Judge Dancks applied the modest-plus standard, she also looked at the evidence that Defendant submitted in opposition to Plaintiffs' motion. *See id.* Specifically, she considered the five TSRs' declarations, in which they asserted that they: (1) spent at least half the day but often as much as 80% of their workday outside the office on "sales" activities;

---

[2] In fact, as noted, Plaintiffs asserted that it was prejudicial for Magistrate Judge Dancks to consider the five TSRs' declarations that Defendant revealed after the close of discovery. Thus, Plaintiffs acknowledge that discovery is complete. *See* Dkt. No. 129-1 at 12-13.

(2) met with apartment managers to develop referral sources on a regular basis; (3) knocked on doors to make sales pitches at least a few days per week; (4) held events at apartment complexes to make sales; (5) worked without supervision; (6) earned most of their pay from commissions; (7) earned commissions on sales regardless of whether they performed the installation; and (8) were ranked and reviewed according to their sales. *See id.* In considering all this evidence, Magistrate Judge Dancks found that the TSRs' experiences varied greatly, in highly relevant ways; and, thus, Plaintiffs had not met their burden at Step One of showing that they were all victims of a common policy or plan that violated the FLSA. Accordingly, she did not need to move onto Step Two and determine, after notices were sent to putative collective members, if those members were similarly situated to Plaintiffs.

As discussed with respect to commonality and typicality pursuant to Rule 23,[3] Plaintiffs' evidence does not clearly show that the outside salespersons or other exemptions from overtime wages did not apply. For example, even if 90% of TSRs' sales came from incoming calls, as Plaintiffs contend, this does not mean that 90% of their work constituted taking phone calls. If, as some TSRs affirmed, 80% of their workday was outside of the office on "sales" activities – such as holding events at apartment complexes, knocking on doors, and meeting with apartment managers – then it is possible that Plaintiffs' rights under the FLSA were not violated because they were exempt from overtime wages as outside salespersons. Similarly, as Magistrate Judge Dancks concluded, Defendant's Form 10-K may show that Defendant operated as a retail or service establishment, but it does not show that Plaintiffs' primary duties were sales or that they

---

[3] "[T]he requirements for certifying a class under Rule 23 are unrelated to and more stringent than the requirements for 'similarly situated' employees to proceed in a collective action under § 216(b)." *Scott*, 954 F.3d at 520. Nonetheless, the evidence Plaintiffs submitted with respect to their requests for class certification and conditional certification of a collective are identical and pose the same issues.

worked within a fixed location. For these reasons, the Court finds that Magistrate Judge Dancks did not clearly err in concluding that Plaintiffs had not met their burden, under the modest-plus standard, of showing that they were victims of a common policy or plan that violated the FLSA. Accordingly, the Court adopts Magistrate Judge Dancks's recommendation and denies Plaintiffs' motion for conditional certification of a collective action.

### D. Whether putative class members' claims should be tolled to the date Plaintiffs filed this action

Since the Court has adopted Magistrate Judge Dancks's report and recommendation denying Plaintiffs' motions for class certification and conditional certification of a collective action in its entirety, the Court need not determine whether to equitably toll the statute of limitations for putative class or collective members. The Court therefore denies Plaintiffs' request for equitable tolling as moot. *See Nabi v. Hudson Grp. (HG) Retail, LLC*, 310 F.R.D. 119, 125 (S.D.N.Y. 2015).

### III. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks's March 30, 2021 Report and Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiffs' motions for class-certification and to conditionally certify a collective action, *see* Dkt. No. 120, are **DENIED**; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Dancks to confer with the parties regarding any outstanding issues that need resolution prior to setting a date for trial.

**IT IS SO ORDERED.**

Dated: February 16, 2022
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge